HEYWOOD M. PENN, PLAINTIFF-APPELLEE, v. RADIO DIS-
TRIBUTING CORPORATION, A CORPORATION, DE-
FENDANT-APPELLANT.

Submitted October 11, 1929—Decided January 28, 1930

Before Justices PARKER, BLACK and BODINE.

For the defendant-appellant, *Milton M. Unger.*

For the plaintiff-appellee, *Leber & Ruback.*

PER CURIAM.

Plaintiff was the owner of No. 8 West Park street, Newark, New Jersey, and brought suit in the District Court for rent due July, 1928, reserved in a written lease, by which the premises were demised for a term of years to expire April 30th, 1930. The complaint also sounds for use and occupation, but the judgment was for the rent reserved.

The defendant was the assignee of the named lessee and had made sublettings of all parts of the demised premises for the term of the lease, save as to the third floor where the subtenants' rights expired September 1st, 1928.

The landlord made repairs and alterations to the building without the consent of the defendant. The work, however, was done with the written consents of the subtenants, who have paid their rents and made no complaints. As a result of the alterations and repairs, access to the basement has been

changed and the corridor thereto and the stairs leading to the second story have been made somewhat smaller.

At the trial before the District Court, no witnesses were called on behalf of the defendant. The defendant's refusal to pay rent was predicated solely on the ground that there had been an eviction. The District Court held otherwise, and hence this appeal.

It appears from the record that the defendant sought relief in the Court of Chancery, and that court held that the defendant's rights under its lease were violated. It did, however, in a subsequent proceeding vacate the restraint to the extent of permitting the present action.

The appellant's first point is that the action was for use and occupation and not for the reserved rent. We think the complaint in the District Court shows otherwise.

Of course the eviction of a tenant from the demised premises effects a suspension of the whole rent. *Morris* v. *Kettle,* 57 *N. J. L.* 218. The facts, however, upon which the defendant predicates its claim that there was an eviction are not presented by the record, and even though they were the findings of fact by the District Court judge are not subject to reversal here where there is evidence to support them. *O'Neil* v. *Pearse,* 87 *Id.* 382; 88 *Id.* 733. Further, a mere trespass does not constitute an eviction. *Meeker* v. *Spalsbury,* 66 *Id.* 60.

In the Meeker case, Mr. Justice Collins said: "The temporary obstruction, therefore, of the passageway to the Essex Hotel, recited in the case certified, could not constitute an eviction, even if the exclusive use of the passageway can be deemed a part of the demised premises."

The record is entirely barren of any suggestion that the tenant was either injured or disturbed in his possession by any act of the landlord. This, after all, is the ancient test of an eviction. *Morris* v. *Kettle, supra.*

It is broadly stated in 36 *Corp. Jur.* 256, 257, that a mere trespass not depriving the tenant of the use and enjoyment of the premises does not amount to an eviction. *O'Neil* v. *Pearse, supra.*

The judgment below will be affirmed.